CAROLINE M. STEWART, Appellant, v. PUCK SOAP COMPANY.

**Pleadings:** DEMURRER: SUFFICIENCY. A demurrer alleging that the facts stated in plaintiff's petition do not entitle him to any recovery, because failing to allege or show that defendant ever became liable on any enforceable contract entered into by him, is sufficient to raise the question of whether any cause of action upon the contract was stated.

**Orders for payment of money:** ACCEPTANCE: EXTENT OF LIABILITY. Defendant agreed to pay plaintiff a royalty on goods manufactured according to a secret process furnished by plaintiff in monthly payments to a certain sum. *Held,* that an order to pay said sum to a third party on account of the contract, and accepted by the defendant, required defendant to make only such payments as it would have been required under the contract to make to the plaintiff; and knowledge of defendant that the payee in the order had advanced to plaintiff the full sum of money represented by the order would not have increased defendant's liability thereon.

**False representations:** MATTERS OF OPINION. The representations of defendant in this case that it had ample facilities for the manufacture and marketing of the product, that it could and would produce larger profits, certainly in excess of a certain sum, upon the strength of which plaintiff made a loan and accepted an order on defendant for the amount stated, were mere expressions of opinion as to future possibilities which did not render defendant liable for deceit because of failure of the contract to produce the expected amount of earnings; or work an estoppel against defendant to deny its liability for the entire amount of the order, irrespective of the royalties earned.

*Appeal from Polk District Court.*—HON. W. H. McHENRY,
Judge.

WEDNESDAY, MARCH 13, 1912.

ACTION to recover an amount alleged to be due to
plaintiff as assignee of an accepted order for the payment
of money. A demurrer to plaintiff's petition having been
sustained, and plaintiff having elected to stand on the plead-
ing, judgment was rendered for defendant, from which
plaintiff appeals.—*Affirmed.*

*O. M. Brockett,* for appellant.

*John L. Gillespie,* for appellee.

McCLAIN, C. J.—From the allegations of the petition
it appears: That on November 5, 1904, the defendant
entered into a written obligation to pay to J. F. Mason
a royalty of 2½ cents per box on soap manufactured in
accordance with a secret process communicated to it by said
Mason, payment to be made monthly on soap manufactured
under such process. That on November 19, 1904, the de-
fendant represented to one E. R. Mason, then acting and
known to defendant to be acting for and representing the
plaintiff, that it was then engaged in the manufacture of
soap in accordance with such process and expected to con-
tinue to do so, and that it had ample facilities for the
manufacture and marketing of such soap "by which it
could and would continue to produce the same profitably
in such quantities as to produce in royalties for the said
J. F. Mason within a short time a large amount of money,
certainly exceeding the sum of $800," and that a sum of
money "at least equal to that amount in the aggregate
would accrue and become due and payable to said J. F.
Mason upon such contract within eighteen months from

said date." That for the purpose of securing payment for any loan plaintiff might make to said J. F. Mason, or money which she might advance to him on an assignment *pro tanto* of such contract not exceeding $800, E. R. Mason, on behalf of plaintiff, presented to defendant an order in words and figures as follows: "The Puck Soap Co., Des Moines, Iowa—Dear Sirs: Please pay to E. R. Mason the sum of eight hundred dollars ($800.00) on account of the contract entered into between you and J. F. Mason, payments on this order to be made monthly on or before the tenth day of each month for all soap manufactured during the preceding month at the rate of 2½ cents per box. E. R. Mason;" which order was on the same day indorsed by the defendant as follows: "The foregoing order is hereby accepted this 19th day of November, 1904. The Puck Soap Co., R. P. Bolton, Prest." That the order bearing this indorsement was thereupon indorsed payable to plaintiff by E. R. Mason. That thereupon defendant took credit to the amount of the order on its contract with J. F. Mason and charged the amount to him as a payment thereon, indorsing J. F. Mason's receipt for that amount on the back of the contract. That thereafter on November 28, 1904, defendant indorsed on the assignment an acknowledgment of notice thereof. That plaintiff, in reliance on the order, indorsement, assignment, and notice, paid to J. F. Mason $800, of which various sums to the total amount of $62.23 were paid to plaintiff by defendant between December 13, 1904, and April 5, 1906; no other payments on said order having been made by defendant to plaintiff. And that defendant knew at the time of its acceptance of the order and the making of said representations that such representations were to be communicated to the plaintiff, and that plaintiff would probably rely thereon for the purpose of making advancements or payment of money to J. F. Mason. The facts alleged are relied upon as constituting an obligation on the part of de-

fendant to pay to plaintiff the sum of $800 advanced by her to J. F. Mason and as estopping defendant from denying this liability to the amount of such assignment with interest. The grounds of the demurrer to this petition were that the cause of action accrued November 28, 1904, and was barred when the action was instituted, October 27, 1910; that the undertaking of defendant under the allegations of the petition was to pay J. F. Mason's debt to plaintiff, and therefore is not enforceable because not in writing as required by the statute of frauds; and "that the facts stated in plaintiff's petition do not entitle plaintiff to recover because the petition fails to allege or show that defendant has ever become liable on any enforceable contract entered into on part of the defendant" and fails to allege any facts or wrongful acts of any kind or nature on the part of said defendant which would make the defendant liable to said J. F. Mason or to the plaintiff herein in tort.

We think the third ground of demurrer is sufficiently stated (under Code, section 3561), to raise the question

1. PLEADINGS: demurrer: sufficiency.

whether under the allegations of the petition any cause of action is pleaded against the defendant, and, as we reach the conclusion that no cause of action was pleaded, we need not discuss the other grounds of demurrer.

The order on defendant was to pay to E. R. Mason $800 on account of—that is, in accordance with the terms of—the contract between him and defendant. The defend-

2. ORDERS FOR PAYMENT OF MONEY: acceptance: extent of liability.

ant accepted this order and acknowledged notice of the assignment thereof to plaintiff. Defendant thereupon became obligated to make to plaintiff such payments as by the terms of its contract it had agreed to make to J. F. Mason. It is not alleged that defendant has not made all the payments to plaintiff which it was under obligation by its contract to make to J. F. Mason. Knowledge of the fact that plaintiff was advancing to J. F. Mason in reliance

on this order the full sum of $800 would not estop defendant from insisting that it had not obligated itself by the acceptance of the order to pay more than the amount which it was bound by its contract to pay to J. F. Mason.

The representations alleged as to the sums of money which would become due to J. F. Mason under the contract were representations in the nature of an expression of opinion only as to what would become due in the future and do not constitute, therefore, either an estoppel, or a fraudulent representation on which plaintiff is entitled to recover as in tort. This proposition seems to us too clear to require citation of authorities.

3. FALSE REPRE-
   SENTATIONS:
   matters of
   opinion.

The judgment is *affirmed*.